UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LALETA M. MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15-cv-17 |
| | ) |
| H-N-R BLOCK, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff LaLeta McClure in this Title VII discrimination and retaliation case against her former employer, H&R Block, asking that the Court recruit an attorney to represent her. Because McClure's case is not a difficult one at this juncture, and since she is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir.

2009) (unpublished) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII).

## ANALYSIS

Applying the foregoing analysis to the instant circumstances, it is difficult at present to assess the merits of McClure's claims. We do know, however, that at least seven attorneys she contacted have chosen to pass up the opportunity to represent her. (Docket # 3.) This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Perhaps equally important is the fact that McClure seems fully capable of litigating these claims herself, at least at this stage of the proceedings. This suit is a relatively straightforward employment discrimination and retaliation action: McClure claims that H&R Block discriminated against her based on her race and sex, and then retaliated against her when she complained about it; she also advances a claim for unpaid wages for training hours. (Docket # 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

McClure has already adequately articulated her claims in her complaint and prepared two written motions seeking specific relief. (*See* Docket # 1-3.) And in her complaint, McClure asserts that she was "hired by H&R Block as an office manager and was being trained as a tax preparer," which purportedly involved testing and "81 hours of tax training." (Docket # 1.) Thus, it is clear that McClure is literate and has adequate communication skills, at least for purposes of representing herself. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education).

To a major degree, the facts of this case are within McClure's personal knowledge, so the task of discovery is apt to be quite limited. She also has the freedom and ability to perform her own legal research.

Furthermore, H&R Block has filed a motion to dismiss or, in the alternative, to stay and to compel arbitration, contending that as a condition of her employment, McClure signed an employment agreement in which she agreed to submit all employment-related disputes to final, binding arbitration. (Docket # 8.) Therefore, the issue currently pending in this case is quite narrow, and McClure is certainly capable of responding to H&R Block's motion on this limited topic.

In the event McClure's claims survive H&R Block's motion and proceed to summary judgment or trial, the Court will, upon further motion, reconsider her request for counsel. *See Mungiovi v. Chicago Housing Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19,

1994) ("The court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing.").

In short, McClure appears to be competent and fully capable of representing herself in this suit at this juncture. *See Zarnes*, 64 F.3d at 289. Consequently, her motion will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 3) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Enter for this 19th day of February 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge