**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| LALETA M. MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO: 1:15-CV-17 |
| v. | ) |
| | ) |
| H-N-R BLOCK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION and ORDER

This matter is before the Court on the Defendant's Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration (DE #8), filed by the Defendant on February 17, 2015. For the reasons set forth below, the Defendant's motion to compel arbitration and stay proceedings is **GRANTED**. Pursuant to 9 U.S.C. § 4, the parties shall proceed with arbitration as provided by their agreement. Pursuant to 9 U.S.C. § 3, the proceedings are **STAYED** pending further order of the Court. The Clerk is **ORDERED** to close the case, subject to the right of either party to seek relief from the stay.

The Federal Arbitration Act ("FAA") provides that an arbitration clause in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

equity for the revocation of any contract." 9 U.S.C. § 2. The FAA generally requires a court to grant a motion to compel arbitration where the court finds: (1) "a written agreement to arbitrate," (2) "a dispute within the scope of the arbitration agreement," and (3) "a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). "[T]he FAA compels judicial enforcement of a wide range of written arbitration agreements," including arbitration agreements found in employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 119 (2001); *International Bros. of Teamsters Local Union No. 50 v. Kienstra Precast, LLC.*, 702 F.3d 954, 956 (7th Cir. 2012). The FAA also compels arbitration of a wide range of statutory violations, including federal employment discrimination claims. *See CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 668 (2012)(finding that courts must enforce arbitration agreements "even when the claims at issue are federal statutory claims, unless the FAA's mandate has been 'overridden by a contrary congressional command.'")(internal citation omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33-34 (1991)(compelling arbitration of claims under the Age Discrimination in Employment Act ("ADEA") under a broadly-

2

worded arbitration clause); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 365 (7th Cir. 1999) (holding that Congress did not intend Title VII to preclude enforcement of pre-dispute arbitration agreements).

Here, the parties agreed in writing as a part of an employment contract to arbitrate the claims Plaintiff alleges in her Complaint (D.E. #9-1 at ¶ 17), *i.e.*, that Defendant violated Title VII of the Civil Rights Act of 1964 and certain state law claims concerning wages. Moreover, while Plaintiff believes that Defendant's motion to dismiss is further evidence of discrimination, she has stated no reason suggesting that arbitration of her claim is inappropriate. Accordingly, this Court is satisfied that Plaintiff's claim is referable to arbitration.

"[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the court] <u>shall</u> on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added). A stay prevents the parties from having to file a new action each time the Court's assistance is required regarding issues involving the

arbitrator (9 U.S.C. § 5), witnesses (9 U.S.C. § 7), or the award (9 U.S.C. §§ 9, 10, 11). *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 270 (3d. Cir. 2004).

Notwithstanding the plain language of § 3, many courts hold that dismissal is a permissible remedy when all of the issues presented in a lawsuit are arbitrable. *See Apache Bohai Corp., LDC v. Texaco China. B.V.*, 330 F.3d 307, 311 n. 9 (5th Cir. 2003); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Other Courts hold that district courts are obligated to grant a stay pursuant to § 3. *See HOVENSA*, 369 F.3d at 269.

In this case, the Defendant requests this Court to dismiss the action or, in the alternative, to stay the action. Given the plain language of § 3 and the benefits of granting a stay rather than a dismissal, this Court is not persuaded that a dismissal is more appropriate than a stay.

For the reasons set forth above, Defendant's motion to compel arbitration and stay proceedings is **GRANTED**. Pursuant to 9 U.S.C. § 4, the parties shall proceed with arbitration as provided by their agreement. Pursuant to 9 U.S.C. § 3, the proceedings are **STAYED** pending further order of the Court. The Clerk is **ORDERED** to close the

case, subject to the right of either party to seek relief from the stay.

**DATED: May 11, 2015**               **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**